UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MARCIA DENISE JORDAN** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 07-6460** |
| **AMERICAN SECURITY INSURANCE COMPANY** | * | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 6). For the following reasons, the Plaintiff's motion is DENIED.

**I.    BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiff's home located at 325 Hawthorne Street in Gretna, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendant in this case is American Security Insurance Company ("ASCI"), the Plaintiff's homeowner's insurance carrier. The policy at issue has a limit of $188,250.00, and ASCI has already paid the Plaintiff $3,795.44 under the policy.

On August 24, 2007, the Plaintiff filed the present action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. The Plaintiff alleges that her home suffered "severe damage and destruction" during the storm and she seeks payment from ASCI for damages and losses to the property, in addition to bad-faith penalties under Louisiana law and damages for mental anguish.

ASCI removed this case to federal court on October 4, 2007, contending that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. On January 9, 2008, the Plaintiff filed the instant motion to

remand. The Plaintiff has submitted a post-removal affidavit attached to her motion to remand, in which she stipulates that "the aggregate amount in controversy does not exceed $75,000, exclusive of interest and costs" and waives her "right to collect from a judgment or verdict any amount in excess of $75,000, exclusive of interest and costs." *See* Rec. Doc. 6-2.

## II.   LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). As a general matter, the removal statute is to be construed narrowly and in favor of remand to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Indeed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

ASCI contends that the Court has diversity jurisdiction over this case because complete diversity exists between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The Plaintiff does not dispute that diversity of citizenship exists, however, she argues that the amount-in-controversy requirement is not satisfied in this case.

The uncertainty regarding the amount in controversy arises in this case because "Louisiana prohibits plaintiffs from claiming a specific dollar amount of damages." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003). In this Circuit, "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the defendant must prove by a preponderance of the evidence that the amount in controversy" is sufficient to meet the statutory requirements. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). The defendant satisfies its burden by either (1) "demonstrating that it is 'facially apparent' that the claims are likely

above $75,000," or (2) "setting forth facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support the finding of the requisite amount." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999) (citation omitted).

"Because Louisiana plaintiffs are not limited to recovery of the damages requested in their pleadings, a plaintiff must affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him." *Davis v. State Farm Fire & Cas.*, Nos. 06-560, et al., 2006 WL 1581272, at *2 (E.D. La. June 7, 2006). In this case, the Plaintiff has not made such a binding stipulation in her petition and the Court finds that ASCI has demonstrated that the amount in controversy exceeds $75,000. The Plaintiff's post-removal attempt to reduce the initial amount in controversy is ineffective. Accordingly, the Court will exercise diversity jurisdiction over this matter.

### III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand (Rec. Doc. 6) is DENIED.

New Orleans, Louisiana, this   15th   day of   February  , 2008.

_____
UNITED STATES DISTRICT JUDGE